UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rafael A. Sanchez, PRO SE.

Against:

1. City of New York: Office
2. NYPD Commissioner: Office
3. NYPD 41st Pct, Chief Office
4. NYPD DET. Brendan Owens
5. NYPD 46th Pct Chief Office
6. NYPD DET. Fausto Garcia
7. NYPD 62nd Pct, Chief Office
8. NYPD P.O. Thomas Citera

Jointly & severally defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RECEIVED
CIVIL COMPLAINT BY PRO SE OFFICE
Under the Civil Rights Act
42 U.S.C § 1983
2015 AUG 27 P 4: 05

Right to amend reserved Pursuant to Fed. R. Civ. P. 15

Jury Trial Demanded Pursuant to Fed. R. Civ. P. 38 (a) (b)

DOcket NO: 15-CV-6109 (LAP)

## Introductory Statement

1. This is a Civil Action for damages of Civil Rights Violations, sustained by Plaintiff under the Jurisdiction of U.S. CONSTITUTION, against Police Officers, and Detectives of the NEW YORK POLICE DEPARTMENT: 41st, 46th, & 62nd Precincts of the City of New York, who unlawfully apprehended, unlawfully detained, overcharge, harrass, and maliciously prosecuted Plaintiff under color of State Law; Disregarding the Principles of Law and Justice of Due Course of Law & CONSTITUTION; Violating Plaintiff's guaranteed rights under, 14th Amend., of U.S. CONST.,

Against the NYPD Police Commissioner Office as the Supervisor Officer responsible for the conduct of the defendants, and for the failure to take corrective action with respect to Police Personnel whose vicious propensities were notorious, to assure proper training, and Supervision of the Personnel, or to implement meaningful procedures to discourage lawless Official conduct, and, against the City of New York Office as the employer of the Police Personnel, which are all sue as person and as in their Official capacity, individually; Be it known, each of the City Officials herein have sworn an " Oath of Office" in regards to their duties & therefore each of their acts under color of State Law is in direct violation of their Oath of Office & equates to CRIMINAL CONSPIRACY, under Section 1985; Defendants actions are tantamount to nothing;

Be it known, defendants actions are nothing less than Misdemeanor for False Statement, Criminal Treason against the UNITED STATES CONSTITUTION & The People of THE UNITED STATES;

2.                    Jurisdiction & Venue

This Action is brought Pursuant to 42 U.S.C. § 1983, & 1870, 1985, 1986, 1988; And, The 1rst, 4th, 5th, 8th, and 14th, Amendments of the United States Constitution; The Jurisdiction of this UNITED STATES DISTRICT COURT is predicated on 28 U.S.C. § 1343 (3) (4) and 1331; at all times relevant, all of the Causes of Action were committed within the Geographical Jurisdiction of UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK;

Dealing with claims of "immunity."

Any claim of "immunity" is a fraud because, if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under U.S. Constitution Article 2, Section IV; as well as 18 USC 241, 42 USC 1983, 1985, 1986, and the state Constitutions.

Precedents of Law established by COURT cases, which are in violation of law, render violations of law legally unassailable. Such a situation violates several specifically stated intents and purposes of the Constitution set forth in the Preamble; to establish justice, insure domestic *tranquility, and secure the-blessings of liberty. For JUDGES*, or anyone in any branch of government.

3.                    Parties in this Complaint

Plaintiff: Rafael Antonio Sanchez, Permanent Resident Alien of USA since July 2003; NYSID. 08214127Q; At all times relevant to the allegations of this Complaint, Home Address: 200 West 143rd ST. Apt 2D. NY, NY 10030; Employer: Red Maple Trucking, INC; 263 Red Maple Drive S., Levittown, NY 11756; Tel. 516-467-9734; 516-302-7051;

4. Defendant 1: The defendant City of New York Office is a municipal Corporation within the State of New York, and at all relevant times it employed defendants 2-8, The Office is sue individually and in the Official capacity; OFFICE OF THE NEW YORK CITY COMPTROLLER, Municipal Bldg., Room 530, 1 Centre ST., NYC 10007; OFFICE OF STATE COMPTROLLER, 110 State ST., Albany, New York 12236.

5. **Defendant 2:** **The NYPD Police Commissioner Office was the duly appointed Commissioner, at alltimes relevant hereto, as such the Office was the commanding Officer of the defendants 3-8, and was responsible for their training Supervision, and conduct; The Commissioner was also responsible by Law for Police Personnel to obey the Laws of the State of New York & Law of USA; NYPD Headquarters, 1 Police Plaza, N.Y.C. 10038.**

6. Defendant 3: At all times relevant hereto defendant Chief Officer of 41st PCT, Bronx Robbery SQUAD, NYPD; was a P.O. employed by said Dept., Chief Office was assigned to the 41st PCT, at all relevant time it was acting in such capacity as the agent, servant, and employee of Defendant City of New York, under the supervision of Commissioner of Police NYPD; Chief Office is sue individually, and in the Official capacity: 1086 Simpson ST., Bronx, New York; 1086 Longwood Ave. Bronx, NY 10459.

7. Defendant 4: At all times relevant hereto, defendant Detective Brendant Owens Shield # 4481, was a Detective employed by defendant 3, to perform duties in the County of Bronx NY, and was assigned to the Bronx Robbery SQUAD, at all relevant times, he was acting in such capacity as the agent, servant, and employee of defendant City of New York; under the supervision of Commissioner Office of Police, of NYPD; he is sue individually and in his Official capacity: 1086 Simpson ST. Bronx, NY; 1086 Longwood Ave., Bronx, NY 10459.

8. Defendant 5: At all times relevant hereto, defendant Chief Officer of 46th PCT, NYPD; was a P.O. employed by said dept., Chief Office was assigned to the 46th PCT, at all relevant time it was acting in such capacity as the agent, servant, and employee of defendant City of New York, under the supervision of Commissioner of Police of NYPD; Chief Office is sue individually, and in the Official capacity: 2120 Ryer Ave., Bronx, New York 10457.

9. Defendant 6: At all times relevant hereto defendant Detective Fausto Garcia Shield # 5213 was a Detective employed by defendant 5, to perform duties in the County of Bronx NY, and was assigned to the Bronx 46th PCT, at all relevant time, he was acting in such capacity, as the agent, servant, and employee of defendant City of New York under the supervision of Commissioner Office of NYPD; he is sue individually and in his Official capacity 2120 Ryer Ave., Bronx, NY 10457.

10. Defendant 7: At all times relevant hereto, defendant Chief Office of 62nd PCT, NYPD, was a P.O. employed by said Dept., Chief Office was assigned to the 62nd PCT, at all relevant time it was acting in such capacity as the agent, servant, and employee of defendant City Of New York, under the supervision of Commissioner office of NYPD; Chief Office 62nd PCT is sue individually and in the Official capacity: 1925 Bath Ave., Brooklyn, NY 11214;

11. Defendant 8: At all times relevant hereto defendant P.O. Citera, Thomas Shield # 15181, was a P.O. employed by defendant 7, to perform duties in the County of Kings, NY, and was assigned to the Brooklyn 62nd PCT, at all relevant time, he was acting in such capacity, as the agent, servant, and, employee of defendant City of New York, under the supervision of Commissioner Office of NYPD; he is sue individually and in his Official capacity: 1925 Bath Ave., Brooklyn, NY 11214.

**IMMUNITY**

Like other government officials, prosecutors and law enforcement officers are covered by the doctrine of official immunity. This doctrine has been recognized as a limitation on the right to recovery or the right to bring suit under 42 U.S.C § 1983. 133 Regardless of position or activities, any government official may be unprotected if he acts beyond the scope of his official authority. This particular section concerns prosecutorial immunity, the particular substantive allegations should be consulted with regard to the applicability of qualified immunity to law enforcement officers.

## STATEMENT OF CLAIM

In the area of Shore Parway, in County of Kings, New York, On March 10, 2010, at approximately 3:17 Am, P.O. Citera Thomas, Shield # 15181 without cause, or an appropriate arrest Warrant duly signed by an Administrative-Law Judge specifying a really supported Probable Cause, did acting under color of New York State Law and the authority of NYPD, intentionally, negligently, and, with complete and deliberate indifference for Plaintiff's rights, caused Plaintiff to be deprived of his Constitutional rights, including but not limited to those under the Fourth and fourteenth Amend., to the U.S. CONST., by:

(a) Depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without Due Process of Law in violation of his right under the fifth Amend.,

(b) Using a degree of force that was unreasonable under the circumstances and in violation of Plaintiff' rights to be free from unreasonable seizure under the fourth Amend.,

(c) Subjecting Plaintiff to punishment without the benefit of a fair trial by Jury, in violation of his rights under the six and eight Amend., to the U.S. CONST.,

At 120 Schermerhorn ST. Brooklyn, NY 11201, at appropximately, 11:00 AM, Plaintiff was released R.O.R by HON. Suzanne Mondo, Supreme Court Justice; Detective Brendant Owens Shield # 4481 without cause, or an appropriate arrest Warrant duly signed by an Administrative-Law Judge specifying a really supported Probable Cause, did acting under color of New York State Law and the authority of NYPD, intentionally, negligently, and, with complete and deliberate indifference for Plaintiff's rights, caused Plaintiff to be deprived of his Constitutional rights, including but not limited to those under the Fourth and fourteenth Amend., to the U.S. CONST., by:

(a) Depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without Due Process of Law in violation of his right under the fifth Amend.,

(b) Using a degree of force that was unreasonable under the circumstances and in violation of Plaintiff' rights to be free from unreasonable seizure under the fourth Amend.,

(c) Subjecting Plaintiff to punishment without the benefit of a fair trial by Jury, in violation of his rights under the six and eight Amend., to the U.S. CONST.,

COUNT 1:

Unreasonable arrest, search, and seizure, in that (a) Plaintiff did not consent to an arrest (b) defendant___, fail to show proper arrest warrant and, (c) exigent circumstances did not exist to arrest Plaintiff disregarding Warrant Rule., and, Article 1, Section 12, of New York State Contitution., 4th Amend., of U.S. CONST.,

COUNT 2:

Fabricated Probable Cause, in that (a) the Preliminary Complaint was void of conclusive evidence (b) the Preliminary Hearing were improper (c) Arresting Officer name and Shield # was    produced, as of yet, is  known; (d) Preliminary Complaint is void of details to support a claim..,

COUNT 3:

Malicious Prosecution, in that the defendants have fail to abide by Article 1, Section 12 of New York State Constitution., 4th Amend., U.S. CONST., and, forcebly without just cause or excuse, having subject Plaintiff to barebones Complaint, and, barebones Indictment, to wrongfully convict Plaintiff at an improper Jurisdiction and Venue, under remanded status, pending, is wrongfully detained this Plaintiff...

COUNT 4:

Prosecutorial Misconduct, in that (a) Assistant District Attorneys are disregarding the NEW YORK LAWYER'S CODE OF PROFESSIONAL RESPONSIBILITY DISCIPLINARY RULES DR 2-109 [1200.14]., by merely Prosecuting Plaintiff for the purpose of harrassing or maliciously injuring Plaintiff, knowingly and intelligently...
Disregarding the ETHICAL CONSIDERATION EC- 7-26...
Disregarding DISCIPLINARY RULES DR 7-103 [1200.34] (A) (B)...
Disregarding Canon DR 1-102 [ 1200.3]...

The AUTHORITY FOR FINES (DAMAGES) CAUSED BY CRIMES BY GOVERNMENT OFFICERS. These Damages were determined by GOVERNMENT itself for the violation listed (does not include punitive damages which are in equal amount or greater).

| Breach | Penalty | Authority |
|---|---|---|
| VIOLATION OF OATH OF OFFICE | $250,000.00 | 18 USC 3571 |
| DENIED PROPER WARRANT(S) | $250,000.00 | 18 USC 3571 |
| DENIED RIGHT OF REASONABLE DEFENSE ARGUMENTS | $250,000.00 | 18 USC 3571 |
| DEFENSE EVIDENCE (RECORDS) | $250,000.00 | 18 USC 3571 |
| DENIED RIGHT TO TRUTH IN EVIDENCE | $250,000.00 | 18 USC 3571 |
| SLAVERY (Forced Compliance to contracts not held) | $250,000.00 | 18 USC 3571 |
| DENIED PROVISIONS IN THE CONSTITUTION | $250,000.00 | 18 USC 3571 |
| TREASON (combined above actions). | $250,000.00 | 18 USC 3571 |
| GENOCIDE | $1,000,000.00 | 18 USC 1091 |
| MISPRISION OF FELONY | $500.00 | 18 USC 4 |
| CONSPIRACY | $10,000.00 | 18 USC 241 |
| EXTORTION | $5,000.00 | 18 USC 872 |
| MAIL THREATS | $5,000.00 | 18 USC 876 |
| FRAUD | $10,000.00 | 18 USC 1001 |
| FALSIFICATION OF DOCUMENTS | $10,000.00 | 18 USC 1001 |
| PERJURY | $2,000.00 | 18 USC 1621 |
| SUBORNATION OF PERJURY | $2,000.00 | 18 USC 1622 |
| GRAND THEFT (18 USC 2112) each | $250,000.00 | |
| To determine multiply no. of counts by damage | | |
| RACKETEERING (Criminal) | | 18 USC 3571 |
| RACKETEERING (Civil) | $25,000.00 | 18 USC 1963 |
| Wages Taken $x3 = (Sustained Damages [total] x 3) | 5? | 18 USC 1964 |

Thirty-seven (37) Constitutional violations from Count 1: = $9,250,000.00 Damages

I declare under penalty of perjury that the foregoing is true and correct.
Signed this 24th day of August, 2015.

Signature of Plaintiff: Rafael Sanchez
Inmate Number: 240138
Institution Address: P.O. Box 10 Woods Road
Valhalla, New York 10595.

I declare under penalty of perjury that on this 24th day of August, 2015, I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Rafael Sanchez

RAFAEL SANCHEZ, 240138.
WDOC P.O. BOX 10 WOODS ROAD.
VALHALLA, NEW YORK 10595.

RECEIVED
SDNY PRO SE OFFICE
2015 AUG 27 P 4: 05

LEGAL MAIL

USMS SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

Pro-Se
3AB
8/27/15